Filed 2/1/22  P. v. Williams CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN WILLIAMS,<br><br>    Defendant and Appellant. | B313588<br><br>(Los Angeles County<br>Super. Ct. No. BA 478196) |

APPEAL from an order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

_____

Helen Hoeffel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On June 27, 2019, defendant and appellant Kevin Williams pleaded no contest to one count of damaging prison or jail property worth more than $950 in violation of Penal Code[1] section 4600, subdivision (a). The trial court sentenced Williams to three years of probation, one of the conditions of which was to participate in a mental health treatment program. Over the next two years, Williams struggled to comply with the terms of his probation, failing to report to his probation officer, to appear at his court dates, and to participate in mental health programs. In October 2020, the court found Williams in violation of probation. The court reinstated probation with an additional requirement that Williams complete the domestic violence program that he had previously been ordered to complete under the terms of his parole on a separate offense. Williams, who was often homeless and without a phone, continued to have difficulty reporting to probation and made no progress with the required mental health and domestic violence programs.

In 2020, the Legislature enacted Assembly Bill No. 1950 (2019–2020 Reg. Sess.), which amended section 1203.1 to reduce the maximum term of probation in felony cases to two years. The trial court concluded that the law applied retroactively to Williams's case, and as a result, his probation would expire on June 27, 2021. The court sought to find a way to ensure that Williams obtained treatment for his mental health issues without sending him to jail, but ultimately concluded that this was impossible. After a hearing on June 3, 2021, the court found Williams in violation of his probation for failing to report to probation, to pay restitution, and to complete his domestic violence and mental health programs. Although the court recognized that Williams had made progress in

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

regularly obtaining medication for his mental health problems and had avoided committing any new crimes, the court found that there was insufficient time to allow Williams to make progress toward meeting his probation requirements. The court sentenced Williams to 334 days in jail, with 154 days of credit for time served, and with probation terminated upon the completion of his sentence.

Williams filed a timely notice of appeal, and we appointed counsel to represent him in the matter. After examining the record, counsel filed a *Wende*[2] brief raising no issues on appeal and requesting that we independently review the record. On November 24, 2021, we sent a letter to Williams and to counsel. In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Williams and inform him that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We have received no communication from Williams.

We have reviewed the entire record on appeal, and we conclude that the trial court did not abuse its discretion by finding Williams in violation of his probation or sentencing him to jail. We are satisfied that Williams's counsel has fully complied with her responsibilities and that no arguable appellate issue exists. (*Wende, supra,* 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

---

[2] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

4